### In the Matter of Christopher C. ZOELLER, Respondent.

#### No. 49S00–0406–DI–276.

Supreme Court of Indiana.

April 25, 2008.

*ORDER STAYING RESPONDENT'S AUTOMATIC REINSTATEMENT PENDING RESOLUTION OF COMMISSION'S OBJECTION*

This disciplinary action against Respondent was resolved by this Court's approval of a Conditional Agreement under which Respondent was suspended from the practice of law for 180 days, of which 90 days was to be executed, and 90 days was to be stayed, and Respondent was to be placed on probation for 18 months subject to terms that included: "Respondent will practice with the assistance of a designated supervising attorney to be approved by the Commission, who will make monthly reports to the Commission."

Respondent's active suspension is due to expire on April 24, 2008. On April 10, 2008, the Commission filed an objection to automatic reinstatement pursuant to Admission and Discipline Rule 23(4)(c), asserting: (1) Respondent has failed to designate a supervising attorney; thus, the Commission has been unable to approve a supervising attorney to assist Respondent during his probation; and (2) Respondent failed to file an affidavit regarding compliance with his duties as a suspended attorney, as required by Admission and Discipline Rule 23(26)(c).

Being duly advised, the Court now **stays Respondent's automatic reinstatement pending resolution of the Commission's objection.** If the parties do not file a report suggesting an agreed resolution of the Commission's objection within 30 days of the date of this order, the Court will set this matter for an evidentiary hearing.

The Court directs the Clerk to forward a copy of this Order to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.